**FILED**

**JANUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT ILLINOIS
## EASTERN DIVISION

**08 C 142**

| | | |
|---|---|---|
| REBECCA OLMSTED, | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Judge: |
| RESIDENTIAL PLUS MORTGAGE CORPORATION | ) | |
| an Illinois Corporation, and | ) | JURY TRIAL REQUESTED |
| KELLY ZOUDO | ) | |
| Defendants | ) | |

JUDGE LEINENWEBER
MAGISTRATE JUDGE NOLAN

### COMPLAINT

NOW COMES the Plaintiff REBECCA OLMSTED ("OLMSTED"), by and through her

attorneys, Bellas & Wachowski, for her Complaint against the Defendants RESIDENTIAL PLUS

MORTGAGE CORPORATION, an Illinois corporation ("RESIDENTIAL PLUS") and KELLY

ZOUDO ("ZOUDO") states as follows:

### NATURE OF ACTION

1.     This action is brought by Plaintiff Rebecca Olmsted pursuant to the Fair Labor

Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. §251 *et seq.*,

the Illinois Minimum Wage law, 820 ILCS 105/1 *et seq.* ("IMWL") and  and the Illinois Wage

Payment and Collection Act, 820 ILCS § 115/1, *et. seq.* ("IWPCA")  for the Defendants` failure to

pay overtime wages to the Plaintiff for all hours worked.  During the period of time from November

5, 2005 through the date of final disposition of this action, (the "Liability Period") the Plaintiff was

employed by the Defendants as a  "Loan Officer" and also a "Loan Processor" or other hourly

position ("Receptionist") and was either misclassified as "exempt" and therefore erroneously denied overtime compensation for all hours worked in excess of forty (40) in a single workweek or simply and wrongfully denied overtime compensation for all hours worked in excess of forty (40) in a single workweek by the Defendants. The Defendants' actions were willful and had the effect of denying the Plaintiff her rightful overtime wages.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207 and the Portal to Portal Act, 29 U.S.C. § 251 *et. seq.*, 28 U.S.C. § 1331, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in the Norther District of Illinois in that the Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.      Plaintiff Olmsted is an Illinois resident, residing at 161 Louise Court, Wood Dale, Illinois. She was employed by the Defendants from November 7, 2005 until her termination on November 9, 2007, initially as a Loan Officer, and later on as a Receptionist and subsequently as a Junior Loan Processor. At all times relevant hereto, the Plaintiff was classified as an "exempt" employee by her employer.

5.      Defendant Residential Plus Mortgage Corporation is an Illinois corporation, duly licensed and authorized to conduct business in the state of Illinois by the Illinois Secretary of State. Residential Plus Mortgage Corporation maintains a principal place of business at 2700 S. River

Road, Suite 115, in the Town of Des Plaines, County of Cook, State of Illinois.

6.      During the Liability Period, Residential Plus Mortgage was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

7.      Defendant Kelly Zoudo is an Illinois resident. Defendant Kelly Zoudo was and is an officer, owner and operator of Residential Plus Mortgage Corporation during the Liability Period and is an individual acting in the interests of Defendant Residential Mortgage Corporation under the FLSA and IMWL and is therefore individually liable for violations of the FLSA and the IMWL.

8.      During the Liability Period, Defendant Zoudo was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

9.      Defendants are and were, at all pertinent times, "enterprises" as defined by the FLSA.

10.     Defendants were, at all pertinent times, enterprises directly engaged in interstate commerce and the products and services offered by the Defendants were, at all pertinent times, shipped from outside of Illinois into, among other places, Indiana.

11.     Defendants also handle, sold or otherwise worked with services and goods or materials that had or have been moved in or produced for commerce.

12.     During the Liability Period, the Plaintiff was employed by the Defendants, was paid on an hourly basis, and was an "employee" within the meaning of the FLSA and the IMWL.

13.     During the Liability Period, the Plaintiff was suffered or permitted to work by the Defendants.

14.     During the Liability Period, the Defendants controlled the manner and means of the work performed by the Plaintiff.

15.     During the Liability Period, the Plaintiff was subject to supervision and oversight by the Defendants.

16.     During the Liability Period, the Plaintiff was not exempt from the overtime wage provisions of the FLSA or the IMWL.

17.     During the Liability Period, the Plaintiff was employed by the Defendants and said employment was integral and indispensible to the Defendants' business.

## GENERAL FACTUAL ALLEGATIONS

18.     The allegations of Paragraphs 1 through 17 are incorporated as if fully stated herein.

19.     The primary duty of Loan Processors employed by the Defendants is to work to assemble documents and verify information for loan closings in accordance with guidelines of the Defendants.

20.     Loan Processors employed by the Defendants are compensated on a salary and bonus basis.

21.     Loan Processors bonus payments represent less than half their total compensation.

22.     Since approximately 2005, the Defendants have required Loan Processors to complete time records showing the number of hours worked per week.

23.     Since approximately 2005, the Defendants do not permit Loan Processors or other employees to report all their hours worked per week.

24.     Loan Processors do not have supervisory authority over any other employees.

*Complaint   Page 4*

25.    Loan Processors regularly work a significant amount of time over forty (40) hours in a workweek for the benefit of the Defendants.

26.    The Defendants do not compensate their Loan Processors at a rate of one and one half times their regular rate for all hours worked in excess of forty (40) in a single workweek as required by the FLSA or the IMWL.

27.    The Defendants Loan Processors are not exempt from the maximum hour requirements of the FLSA or the IMWL.

28.    The Defendants are aware that the Loan Processors they employed during the Liability Period regularly performed the functions enumerated in Paragraphs 22 and 23 without receiving overtime compensation. In support thereof, the Named Plaintiff attaches hereto and incorporates herein by reference as "Exhibit 1" partial copies of the time records she submitted to the Defendants.

29.    During the Liability period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Processors spent performing all of their job functions.

30.    The Defendants wilfully and recklessly denied overtime wage compensation for hours worked over forty (40) in a single workweek at a rate of one and one half times their regular pay to the Loan Processors it employed during the Liability Period.

31.    The primary duty of Loan Officers employed by the Defendants is to for close loans in accordance with the guidelines of the Defendants.

32.    Loan Officers employed by the Defendants are compensated on a salary and bonus basis.

33.    Loan Officers' bonus payments represent less than half their total compensation.

34.    Loan Officers regularly work a significant amount of time over forty (40) hours in a

workweek for the benefit of the Defendants.

35.    The Defendants do not compensate their Loan Officers at a rate of one and one half times their regular rate for all hours worked in excess of forty (40) in a single workweek.

36.    The Defendants' Loan Officers are not exempt from the maximum hour requirement of the FLSA or the IMWL.

37.    The Defendants are aware that the Loan Officers they employed during the Liability Period regularly performed the functions enumerated in Paragraphs 31 - 35 without receiving overtime compensation.

38.    During the Liability Period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Officers spent performing all of their job functions.

39.    During the Liability Period, the Defendants employ a variety of employees in non-managerial positions that are misclassified as "exempt" under the IMWL or compensated on an hourly basis and similarly denied overtime for hours worked in excess of forty (40) by the Defendants. Plaintiff also functioned intermittently as a Receptionist for the Defendants.

40.    During the Liability Period, the Defendants were aware that said employees in non-managerial positions or those paid on an hourly basis do not receive overtime compensation for hours worked in excess of forty (40) in a single workweek.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.    The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 40.

42.     During their employment with the Defendants, within the Liability Period, the Plaintiff
worked in excess of forty (40) hours in a workweek without overtime compensation.

43.     Despite the hours worked by the Plaintiff the Defendants willfully, in bad faith, and in
knowing violation of the FLSA, failed and refused to pay her overtime compensation.

44.     By failing to accurately record, report, and/or preserve records of hours worked by the
Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of
its employees sufficient to determine their wages, hours, and other conditions and practices of
employment in violation of the FLSA.

45.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

46.     The Defendants willfully violated the FLSA by refusing to compensate Olmsted at one
and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours
per week during the Liability Period.

        WHEREFORE, The Plaintiff, respectfully requests that this Court enter an Order against
the Defendants as follows:

    a.  Judgment in an amount equal to one and one half times the hourly wage rate for
        all hours the Plaintiff worked in excess of forty (40) per week as compensatory
        damages;

    b.  Awarding prejudgment interest with respect to the total amount of the unpaid
        overtime compensation.

    c.  The entry of an appropriate injunction to enjoin the Defendants from failing to pay
        their employees at a rate of one and one half times their regular rate of pay for all
        hours worked in excess of forty (40) in a single workweek;

*Complaint   Page 7*

d.  Reasonable attorneys fees and costs as a result of the Defendants' violation of the FLSA.

e.  Leave to add or amend claims under applicable state laws;

f.  Such other and further relief as this Court deems appropriate and just under the circumstances.

## SECOND CLAIM FOR RELIEF
## LIQUIDATED DAMAGES

47.  The Plaintiff re-alleges and incorporate by reference the allegations contained in Paragraphs1 through 46 as though fully set forth herein.

48.  In denying the Plaintiff compensation at a rate of one and a half times her regular rate for hours worked in excess of forty (40) in a single workweek, the Defendants' acts were not based on good faith or reasonable grounds.

49.  The Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order as follows:

a.  Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b.  Awarding Plaintiff's reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the FLSA; and

c.  For such other, and further relief as the Court deems appropriate under the circumstances.

*Complaint   Page 8*

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

50.     The Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs1 through 49 as though fully set forth herein.

51.     During her employment with the Defendants, within the Liability Period, the Plaintiff worked in excess of forty (40) hours in a workweek without overtime compensation.

52.     Despite the hours worked by the Plaintiff, the Defendants willfully, in bad faith, and in knowing violation of the IMWL, failed and refused to pay her overtime compensation.

53.     By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the Illinois Administrative Code §210.770.

54.     The foregoing conduct, as alleged, constitutes a willful violation of the IMWL.

55.     The IMWL provides "no employer shall employ any of his employees for a work week of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than 1 ½ times the regular rate at which he is employed." 820 ILCS 105/4a(1).

56.     The Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Olmsted at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

WHEREFORE, The Plaintiff, respectfully requests that this Court enter an Order against the Defendants as follows:

a.      Judgment in an amount equal to one and one half times the hourly wage rate for

*Complaint   Page 9*

all hours the Plaintiff worked in excess of forty (40) per week as compensatory

damages;

b.     Punitive damages as set forth in the IMWL;

c.     The entry of an appropriate injunction to enjoin the Defendants from failing to pay

their employees at a rate of one and one half times their regular rate of pay for all

hours worked in excess of forty (40) in a single workweek;

d.     Reasonable attorneys fees and costs incurred as a result of the Defendants'

violation of the IMWL  as provided for under the IMWL.

e.     Such other and further relief as this Court deems appropriate and just under the

circumstances.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

57.     The Plaintiff re-alleges and incorporates by reference the allegations contained in

Paragraphs1 through 56 as though fully set forth herein.

58.     During the Liability Period, there was in full force and effect a certain statute known as

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq* ("IWPCA").

59.     Pursuant to the Act, the definition of an "employer" includes any individual...or any

person or group of persons acting directly or indirectly in the interest of any employer in relation

to any employee..." 820 ILCS 115/2.

60.     During the Liability Period, the Defendants were an "employer" legally responsible for

payment of all wages, commissions, compensation, and vacation time as required by the Act. 820

ILCS 115/1, *et seq.*

*Complaint   Page 10*

61.    The IWPCA provides that employees are to be paid wages earned during the semi-monthly pay period and are to be paid these wages *no later than* 13 days of the end of the said pay period. 820 ILCS 115/3,4 (emphasis added).

62.    The IWPCA further provides that final compensation *must be paid in full* at the time of separation, *but no later than* the next regularly scheduled pay day. It states that where an "employee requests in writing that his final compensation be paid by check and mailed to him, the employers shall comply with this request." 820 ILCS 115/5 (emphasis added).

63.    The Defendants failed to comply with the provision of the IWPCA and underpaid the named Plaintiff and the class members during the Liability Period.

64.    The Defendants violated the IWPCA by underpaying the Plaintiff for all wages (including overtime wages). Despite repeated demands for payment, said amounts remain outstanding.

WHEREFORE, The Plaintiff respectfully requests that this Court enter an Order against the Defendants as follows::

a.    Judgment in an amount equal to one and one half times the hourly wage rate for all hours the Plaintiff worked in excess of forty (40) per week as compensatory damages to be paid within 15 days of judgement;

b.    Penalties to be assessed against the Defendants as calculated by section 14(b) of the IWPCA if said amount is not paid within 15 days of judgment;

c.    The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

d.    Reasonable attorneys fees and costs in having to prosecute this action;

e.      Such other and further relief as this Court deems appropriate and just under the

circumstances.


JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.


Date:    January 8, 2008


Respectfully submitted,

Rebecca Olmsted,
Plaintiff

BY: _____
          WILLIAM P. BOZNOS
          One of Plaintiff's Attorneys


George S. Bellas (george@bellas0wachowski.com)
William P. Boznos (bill@bellas-wachowski.com)
Bellas & Wachowski
Attorneys for Plaintiff
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030