IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA OLMSTEAD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RESIDENTIAL PLUS MORTGAGE ) <br> CORPORATION, an Illinois corporation, ) <br> and KELLY ZOUDO ) <br> ) <br> Defendants. ) <br> _____ ) | No. 08 C 142 <br><br> Judge: Lienenweber <br><br> Magistrate Judge: Nolan |

## ANSWER TO COMPLAINT

The Defendants, RESIDENTIAL PLUS MORTGAGE CORPORATION, an Illinois corporation ("Residential Plus") and KELLY ZOUDO ("Zoudo"), by their attorneys, William D. Kelly and Kelly & Karras, Ltd., for their Answer to the Complaint filed by REBECCA OLMSTED ("Olmstead"), state as follows:

### NATURE OF ACTION

1. This action is brought by Plaintiff Rebecca Olmsted pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. §251, *et seq.*, the Illinois Minimum Wage law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for the Defendants' failure to pay overtime wages to the Plaintiff for all hours worked. During the period of time from November 5, 2005 through the date of final disposition of this action, (the "Liability Period") the Plaintiff was employed by the Defendants as a "Loan Officer" and also a "Loan Processor" or other hourly position ("Receptionist") and was either misclassified as "exempt" and therefore erroneously denied overtime compensation for all hours worked in excess of forty (40) in a

single workweek or simply and wrongfully denied overtime compensation for all hours worked in excess of forty (40) in a single workweek by the Defendants. The Defendants' actions were willful and had the effect of denying the Plaintiff her rightful overtime wages.

**ANSWER:** Defendants admit that Plaintiff has brought an action purportedly based upon the Fair Labor Standards Act ("FLSA"), the Portal to Portal Act, the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA"). Defendants deny that Plaintiff was employed by the Defendants from November 5, 2005, through the date of final disposition of this action, defined by the Plaintiff as the "Liability Period". Defendants admit that at various times the Plaintiff was employed by Residential Plus as a "Loan Officer", "Loan Processor" and "Receptionist". Defendants deny that Plaintiff was either misclassified as "exempt" and therefore erroneously denied overtime compensation for all hours worked in excess of forty (40) in single workweek or simply and wrongfully denied overtime compensation for all hours worked in excess of forty (40) in a single workweek. Defendants deny that any of their actions were willful or that their actions had the affect of denying the Plaintiff her rightful overtime wages.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, including §§ 206 and 207 and the Portal to Portal Act, 29 U.S.C. § 251 *et seq.*, 28 U.S.C. § 1331, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendants admit only that Plaintiff purports to assert jurisdiction under the provisions of the Fair Labor Standards Act, the Portal to Portal Act and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in the Northern District of Illinois in that the Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:** Defendants admit only that Plaintiff purports to assert venue in the Northern District of Illinois. Defendants admit that Residential Plus is engaged in business in the Northern District of Illinois and that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Northern District of Illinois.

## THE PARTIES

4. Plaintiff Olmsted is an Illinois resident, residing at 161 Louise Court, Wood Dale, Illinois. She was employed by the Defendants from November 7, 2005 until her termination on November 9, 2007, initially as a Loan Officer, and later on as a Receptionist and subsequently as a Junior Loan Processor. At all time relevant hereto, the Plaintiff was classified as an "exempt" employee by her employer.

**ANSWER:** Defendants admit that Plaintiff is an Illinois resident, and that she resides at 161 Louise Court, Wood Dale, Illinois. Defendants further admit that Plaintiff was employed by Residential Plus from November 7, 2005, until her termination on November 9, 2007. Defendants further admit that Plaintiff was employed at various times as a Loan Officer, Receptionist and Junior Loan Processor. Defendants deny that at all times relevant herein, Residential Plus classified the Plaintiff as an "exempt" employee.

5. Defendant Residential Plus Mortgage Corporation is an Illinois corporation, duly licensed and authorized to conduct business in the state of Illinois by the Illinois Secretary of State. Residential Plus Mortgage Corporation maintains a principal place of business at 2700 S. River Road, Suite 115, in the Town of Des Plaines, County of Cook, State of Illinois.

**ANSWER:** Admitted.

6. During the Liability Period, Residential Plus Mortgage was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

**ANSWER:** Defendants admit that Residential Plus employed Plaintiff for a portion of the Liability Period and admits to Residential Plus' statutory obligations under the FLSA and IMWL. Defendants deny liability to the Plaintiff for the "Liability Period" as that term is defined in the Plaintiff's Complaint and deny any remaining allegations in Paragraph 6.

7. Defendant Kelly Zoudo is an Illinois resident. Defendant Kelly Zoudo was and is an officer, owner and operator of Residential Plus Mortgage Corporation during the Liability Period and is an individual acting in the interest of Defendant Residential Mortgage Corporation under the FLSA and IMWL and is therefore individually liable for violations of the FLSA and the IMWL.

**ANSWER:** Defendants admit that Kelly Zoudo is an Illinois resident. Defendants further admit that Kelly Zoudo was and is an officer and shareholder of Residential. Defendants deny the legal conclusion that Zoudo is an individual acting in the interest of Defendant Residential Plus. Defendants further deny that they are liable for damages for the "Liability Period" as that term is defined in the Plaintiff's Complaint and deny any remaining allegations of Paragraph 7.

8. During the Liability Period, Defendant Zoudo was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

**ANSWER:** Defendants deny the legal conclusion that Kelly Zoudo was an "employer" legally responsible for the payment of wages at a rate of time and a half to all non-exempt employees

4

who worked in excess of forty (40) hours. Defendants further deny that Kelly Zoudo is liable for damages incurred during the "Liability Period" as that term is defined in the Plaintiff's Complaint and deny any remaining allegations in Paragraph 8.

9. Defendants are and were, at all pertinent times, "enterprises" as defined by the FLSA.

**ANSWER:** Defendants deny the legal conclusion that they are and were "enterprises" as defined by the FLSA.

10. Defendants were, at all pertinent times, enterprises directly engaged in interstate commerce and the products and services offered by the Defendants were, at all pertinent times, shipped from outside of Illinois into, among other places, Indiana.

**ANSWER:** Denied.

11. Defendants also handle, sold or otherwise worked with services and goods or materials that had or have been moved in or produced for commerce.

**ANSWER:** Defendants deny handling, selling or otherwise working with goods or materials that had or have been moved in or produced for commerce. Defendants admit to providing services for commerce.

12. During the Liability Period, the Plaintiff was employed by the Defendants, was paid on an hourly basis, and was an "employee" within the meaning of the FLSA and the IMWL.

**ANSWER:** Defendants admit that Plaintiff was employed by Defendant, Residential Plus during a portion of the Liability Period, deny that Plaintiff was employed by Defendant, Zoudo, and deny the remaining allegations of Paragraph 12.

13. During the Liability Period, the Plaintiff was suffered or permitted to work by the Defendants.

**ANSWER:** Defendants admit that during a portion of the Liability Period, Plaintiff was employed by Residential Plus; however, inasmuch as the Defendants deny that Plaintiff is entitled to damages for the "Liability Period" as that term is defined in the Plaintiff's Complaint, Defendants deny the remaining allegations of Paragraph 13.

14. During the Liability Period, the Defendants controlled the manner and means of the work performed by the Plaintiff.

**ANSWER:** Defendants admit that during a portion of the Liability Period, Defendants controlled the manner and means of the work performed by the Plaintiff; however, inasmuch as the Defendants deny that Plaintiff is entitled to damages for the "Liability Period" as that term is defined in the Plaintiff's Complaint, Defendants deny the remaining allegations of Paragraph 14.

15. During the Liability Period, the Plaintiff was subject to supervision and oversight by the Defendants.

**ANSWER:** Defendants admit that during a portion of the Liability Period, Defendants supervised the Plaintiff in connection with her employment with Residential Plus; however, inasmuch as the Defendants deny that Plaintiff is entitled to damages for the "Liability Period" as that term is defined in the Plaintiff's Complaint, Defendants deny the remaining allegations of Paragraph 15.

16. During the Liability Period, the Plaintiff was not exempt from the overtime wage provisions of the FLSA or the IMWL.

**ANSWER:** Defendants deny the legal conclusion that Plaintiff was not exempt from the overtime wage provisions of the FLSA or the IMWL. Additionally, inasmuch as the Defendants deny that Plaintiff is entitled to damages for the "Liability Period" as that term is defined in the Plaintiff's Complaint, Defendants deny the remaining allegations of Paragraph 16.

17. During the Liability Period, the Plaintiff was employed by the Defendants and said employment was integral and indispensable to the Defendants' business.

**ANSWER:** Defendants admit that during a portion of the Liability Period, the Plaintiff was employed by Defendant, Residential Plus. Defendants deny that Plaintiff's employment was integral and indispensable to the business of Residential Plus. Additionally, inasmuch as the Defendants deny that Plaintiff is entitled to damages for the "Liability Period" as that term is defined in the Plaintiff's Complaint, Defendants deny the remaining allegations of Paragraph 17.

## GENERAL FACTUAL ALLEGATIONS

18. The allegations of Paragraphs 1 through 17 are incorporated as if fully stated herein.

**ANSWER:** Defendants restate, reallege and incorporate by reference their Answers to Paragraphs 1 through 17 as if fully set forth herein.

19. The primary duty of Loan Processors employed by the Defendants is to work to assemble documents and verify information for loan closings in accordance with guidelines of the Defendants.

**ANSWER:** Defendants admit only that Loan Processors who are employed by Residential Plus, assemble documents and verify information for loan closings in accordance with guidelines of Residential Plus. Defendants deny any remaining allegations set forth in Paragraph 19.

20. Loan Processors employed by the Defendants are compensated on a salary and bonus basis.

**ANSWER:** Admitted.

21. Loan Processor's bonus payments represent less than half their total compensation.

7

**ANSWER:** Admitted.

22.   Since approximately 2005, the Defendants have required Loan Processors to complete time records showing the number of hours worked per week.

**ANSWER:** Defendants admit that since approximately 2005, Residential Plus required its employees, including Loan Processors, to complete time records reflecting the number of hours worked per week. Defendants deny any remaining allegations set forth in Paragraph 22.

23.   Since approximately 2005, the Defendants do not permit Loan Processors or other employees to report all their hours worked per week.

**ANSWER:** Denied.

24.   Loan Processors do not have supervisory authority over any other employees.

**ANSWER:** Defendants have insufficient knowledge of the allegations in Paragraph 24 inasmuch as they do not know Plaintiff's definition of "supervisory authority" and, therefore, Defendants deny the allegations of Paragraph 24.

25.   Loan Processors regularly work a significant amount of time over forty (40) hours in a workweek for the benefit of the Defendants.

**ANSWER:** Denied.

26.   The Defendants do not compensate their Loan Processors at a rate of one and one half times their regular rate for all hours worked in excess of forty (40) in a single workweek as required by the FLSA or the IMWL.

**ANSWER:** Denied.

27.   The Defendants' Loan Processors are not exempt from the maximum hour requirements of the FLSA or the IMWL.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the legal conclusion set forth in Paragraph 27 and, therefore, deny same.

28. The Defendants are aware that the Loan Processors they employed during the Liability Period regularly performed the functions enumerated in Paragraphs 22 and 23 without receiving overtime compensation. In support thereof, the Named Plaintiff attaches hereto and incorporates herein by reference as "Exhibit 1" partial copies of the time records she submitted to the Defendants.

**ANSWER:** Defendants restate, reallege and incorporate by reference their Answers to Paragraphs 22 and 23 as if fully set forth herein. Defendants further admit only that Loan Processors employed by Defendant, Residential Plus, were required to maintain time records showing the number of hours worked per week. Defendants deny that Loan Processors do not receive overtime compensation, deny that the Named Plaintiff attached to the copy of the Complaint served on the Defendants any Exhibits reflecting time records the Plaintiff submitted and deny any remaining allegations contained in Paragraph 28.

29. During the Liability Period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Processors spent performing all of their job functions.

**ANSWER:** Denied.

30. The Defendants willfully and recklessly denied overtime wage compensation for hours worked over forty (40) in a single workweek at a rate of one and one half times their regular pay to the Loan Processors it employed during the Liability Period.

**ANSWER:** Denied.

31. The primary duty of the Loan Officers employed by the Defendants is to for close loans in accordance with the guidelines of the Defendants.

**ANSWER:** Denied.

32. Loan Officers employed by the Defendants were compensated on a salary and bonus basis.

**ANSWER:** Denied.

33. Loan Officers' bonus payments represent less than half their total compensation.

**ANSWER:** Denied.

34. Loan Officers regularly work a significant amount of time over forty (40) hours in a workweek for the benefit of the Defendants.

**ANSWER:** Denied.

35. The Defendants do not compensate their Loan Officers at a rate of one and one half times their regular rate for all hours worked in excess of forty (40) in a single workweek.

**ANSWER:** Denied.

36. The Defendants Loan Officers are not exempt from the maximum hour requirement of the FLSA or the IMWL.

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the legal conclusion set forth in Paragraph 36 and, therefore, deny same.

37. The Defendants are aware that the Loan Officers they employed during the Liability Period regularly performed the functions enumerated in Paragraphs 31-35 without receiving overtime compensation.

**ANSWER:** Defendants restate, reallege and incorporate by reference their Answers to Paragraphs 31 through 35 as if fully set forth herein. Defendants further admit only that Loan Officers employed by Defendant, Residential Plus were required to maintain time records

showing the number of hours worked per week and deny that Loan Officers do not receive overtime compensation.

38. During the Liability Period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Officers spent performing all of their job functions.

**ANSWER:** Denied.

39. During the Liability Period, the Defendants employ a variety of employees in non-managerial positions that are misclassified as "exempt" under the IMWL or compensated on an hourly basis and similarly denied overtime for hours worked in excess of forty (40) by the Defendants. Plaintiff also functioned intermittently as a Receptionist for the Defendants.

**ANSWER:** Defendants admit that at various times, Defendant, Residential Plus, employed Plaintiff as a Receptionist. Defendants admit that Defendant, Residential Plus, employs a variety of employees in non-managerial positions. Defendants deny each and every remaining allegation in Paragraph 39.

40. During the Liability Period, the Defendants were aware that said employees in non-managerial positions or those paid on an hourly basis do not receive overtime compensation for hours worked in excess of forty (40) in a single workweek.

**ANSWER:** Denied.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 40.

**ANSWER:** Defendants restate, reallege and incorporate by reference their answers to Paragraphs 1 through 40 as if fully set forth herein.

11

42. During their employment with the Defendants, within the Liability Period, the Plaintiff worked in excess of forty (40) hours in a workweek without overtime compensation.

**ANSWER:** Denied.

43. Despite the hours worked by the Plaintiff the Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay her overtime compensation.

**ANSWER:** Denied.

44. By failing to accurately record, report and/or preserve records of hours worked by the Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

**ANSWER:** Denied.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

**ANSWER:** Denied.

46. The Defendants willfully violated the FLSA by refusing to compensate Olmstead at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

**ANSWER:** Denied.

WHEREFORE, the Defendants, RESIDENTIAL PLUS MORTGAGE CORP. and KELLY ZOUDO, respectfully request that this Court enter judgment in Defendants' favor and against the Plaintiff, that they be awarded their attorney's fees and costs incurred herein and that the Court grant such other and further relief as it deems appropriate.

## SECOND CLAIM FOR RELIEF
## LIQUIDATED DAMAGES

47. The Plaintiff re-alleges and incorporate by reference the allegations contained in Paragraphs 1 through 46 as though fully set forth herein.

**ANSWER:** Defendants restate, reallege and incorporate by reference their Answers to Paragraphs 1 through 46 as if fully set forth herein.

48. In denying the Plaintiff compensation at a rate of one and a half times her regular rate for hours worked in excess of forty (40) in a single workweek, the Defendants' acts were not based on good faith or reasonable grounds.

**ANSWER:** Denied.

49. The Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

**ANSWER:** Denied.

WHEREFORE, Defendants, RESIDENTIAL PLUS MORTGAGE CORP. and KELLY ZOUDO, respectfully request that this Court enter judgment in Defendants' favor and against the Plaintiff, that they be awarded their attorney's fees and costs incurred herein and that the Court grant such other and further relief as it deems appropriate.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

50. The Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 49 as though fully set forth herein.

**ANSWER:** Defendants restate, reallege and incorporate by reference their Answers to Paragraphs 1 through 49 as if fully set forth herein.

51. During her employment with the Defendants, within the Liability Period, the Plaintiff worked in excess of forty (40) hours in a workweek without overtime compensation.

**ANSWER:** Denied.

52. Despite the hours worked by the Plaintiff, the Defendants willfully, in bad faith, and in knowing violation of the IMWL, failed and refused to pay her overtime compensation.

**ANSWER:** Denied.

53. By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the Illinois Administrative Code § 210.770.

**ANSWER:** Denied.

54. The foregoing conduct, as alleged, constitutes a willful violation of the IMWL.

**ANSWER:** Denied.

55. The IMWL provides "no employer shall employ any of his employees for a work week of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1½ times the regular rate at which he is employed." 820 ILCS 105/4a(1).

**ANSWER:** Admitted.

56. The Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Olmstead at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

**ANSWER:** Denied.

WHEREFORE, Defendants, RESIDENTIAL PLUS MORTGAGE CORP. and KELLY ZOUDO, respectfully request that this Court enter judgment in Defendants' favor and against the Plaintiff, that they be awarded their attorney's fees and costs incurred herein and that the Court grant such other and further relief as it deems appropriate.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

57. The Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

**ANSWER:** Defendants restate, reallege and incorporate by reference their Answers to Paragraphs 1 through 56 as if fully set forth herein.

58. During the Liability Period, there was in full force and effect a certain statute known as the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq* ("IWPCA").

**ANSWER:** Defendants admit only that during a portion of the Liability Period there was in full force and effect a certain statute known as the Illinois Wage Payment and Collections Act; however, inasmuch as the Defendants deny the "Liability Period" defined in the Plaintiff's Complaint, Defendants deny the remaining allegations of Paragraph 13.

59. Pursuant to the Act, the definition of an "employer" includes any individual…or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee…" 820 ILCS 115/2.

**ANSWER:** Admitted.

60. During the Liability Period, the Defendants were an "employer" legally responsible for payment of all wages, commissions, compensation, and vacation time as required by the Act. 820 ILCS 115/1, *et seq.*

**ANSWER:** Defendants admit that Defendant, Residential Plus is an "employer" responsible for payment of wages, commissions, compensations and vacation time. Defendants deny that Defendant, Zoudo is an "employer" and deny any further allegations in Paragraph 60.

61. The IWPCA provides that employees are to be paid wages earned during the semi-monthly pay period and are to be paid these wages *no later than* 13 days of the end of the said pay period. 820 ILCS 115/3,4 (emphasis added).

**ANSWER:** Admitted.

62. The IWPCA further provides that final compensation *must be paid in full* at the time of separation, *but no later than* the next regularly scheduled pay day. It states that where an "employee requests in writing that his final compensation be paid by check and mailed to him, the employers shall comply with this request." 820 ILCS 115/5 (emphasis added).

**ANSWER:** Admitted.

63. The Defendants failed to comply with the provisions of the IWPCA and underpaid the name Plaintiff and the class members during the Liability Period.

**ANSWER:** Denied.

64. The Defendants violated the IWPCA by underpaying the Plaintiff for all wages (including overtime wages). Despite repeated demands for payment, said amounts remain outstanding.

**ANSWER:** Denied.

WHEREFORE, Defendants, RESIDENTIAL PLUS MORTGAGE CORP. and KELLY ZOUDO, respectfully request that this Court enter judgment in Defendants' favor and against the Plaintiff, that they be awarded their attorney's fees and costs incurred herein and that the Court grant such other and further relief as it deems appropriate.

### FIRST AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith, and in conformity with and in reliance upon written interpretations and opinions of the FLSA by the United States Department of Labor Wage & Hour Division. Defendants acted in a good faith belief that they were in compliance with all applicable statutes, laws and regulations concerning payment of wages and any other compensation owed to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendants are not liable for liquidated damages because the acts or omissions giving rise to the action were in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA. 29 U.S.C. § 260.

### FOURTH AFFIRMATIVE DEFENSE

At least for a portion of the period of time Plaintiff was employed by Residential Plus, Plaintiff was an "exempt" employee under the FLSA.

### FIFTH AFFIRMATIVE DEFENSE

At all material times, Defendants paid Plaintiff all sums of money to which Plaintiff was entitled.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' hours did not exceed the maximum hours under the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrines of estoppel and waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as may be appropriate in connection with facts obtained through discovery.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.G

> RESIDENTIAL PLUS MORTGAGE CORPORATION
> and KELLY ZOUDO, Defendants,
>
> By: **/s/ William D. Kelly**
> **One of their attorneys**

William D. Kelly, Esquire
**KELLY & KARRAS, LTD.**
619 Enterprise Drive, Suite 205
Oak Brook, Illinois 60523
(630) 575-0202
Attorney No. 6182839