IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA OLMSTED, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 08 C 142 |
| | ) | |
| v. | ) | Judge: Leinenweber |
| | ) | |
| RESIDENTIAL PLUS MORTGAGE CORPORATION | ) | Magistrate Judge: Nolan |
| an Illinois Corporation, and | ) | |
| KELLY ZOUDO | ) | JURY TRIAL REQUESTED |
| Defendants | ) | |

**PLAINTIFF'S MOTION TO REASSIGN**

NOW COMES THE PLAINTIFF, REBECCA OLMSTED, by and through her attorneys, Bellas & Wachowski, and pursuant to Local Rule 40.4 of the United States District Court for the Northern District of Illinois moves to reassign Case No. 08 C 419, *Westcott v. Residential Plus Mortgage Corporation and Kelly Zoudo* (the "Westcott" case) based on its relatedness to Case No. 08 C 142, *Olmsted v. Residential Plus Mortgage Corporation and Kelly Zoudo* (the "Olmsted" case). In support of her Motion to Reassign, Plaintiff states as follows:

PROCEDURAL AUTHORITY

Local Rule 40.4 of the United States District Court for the Northern District of Illinois provides:

(a) **Definitions**. Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;

    (2)    the cases involve some of the same issues of fact or law;
    (3)    the cases grow out of the same transaction or occurrence; or
    (4)    in class action suits, one or more of the classes involved n this case is or are the same.

(b) **Conditions for Reassignment**.    A case may be assigned to the calendar of another Judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

    (1)    both cases are pending in this Court;
    (2)    the handling of both cases by the same Judge is likely to result in substantial savings of judicial time and effort;
    (3)    the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
    (4)    the cases are susceptible of disposition is a single proceeding.

(c) **Motion to Reassign**.    A motion for reassignment based on relatedness may be filed by any party to a case.  The Motion shall:

    (1)    set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a), and
    (2)    indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related.

**The Olmsted case**:

The case of *Olmsted v. Residential Plus Mortgage Corporation and Kelly Zoudo* was filed in the United States District Court, Northern District of Illinois, on January 8, 2008, bearing case number 08 C 142.  The Complaint alleges a pattern and practice by Defendants Residential Plus Mortgage Corporation and Kelly Zoudo of intentionally failing to pay the Plaintiff overtime wages due her pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, together with pendent state law claims brought pursuant to the Illinois Minimum Wage law, 820 ILCS 105/1 *et seq*. ("IMWL") and  and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et. seq*. ("IWPCA") .

**The Westcott case**:

The case of *Westcott v. Residential Plus Mortgage Corporation and Kelly Zoudo* was filed in the United States District Court, Northern District of Illinois, on January 18, 2008, bearing case number 08 C 419. The Complaint also alleges an identical pattern and practice by Defendants Residential Plus Mortgage Corporation and Kelly Zoudo of intentionally failing to pay the Plaintiff overtime wages due her pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, together with pendent state law claims, brought pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et. seq*. ("IWPCA") .

**The Cases Involve Some of the Same Issues of Fact and Law:**

Both the *Olmsted* case and the *Westcott* case are of a company culture intentionally aimed at denying employees of Residential Plus Mortgage Corporation their rightful overtime compensation for hours worked in excess of forty in a single workweek. The wilful conduct exhibited by the "employer" will be shown to involve the same individuals making the decisions to deny the Plaintiffs of their rights, the same company policies related to overtime pay, the identical company record keeping obligations, the same company payroll records, and the same company time sheet records.

Count I of the *Olmsted* case involves allegations of violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Portal to Portal Act, 29 U.S.C. §251 *et seq.* Count I of the Wetcott case involves allegations of violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Portal to Portal Act, 29 U.S.C. §251 *et seq.*. The two

cases involve the exact same issues of law.

Count II of the *Olmsted* case involves allegations of the intentional violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Portal to Portal Act, 29 U.S.C. §251 *et seq*.. . Court II of the *Westcott* case involves allegations of the intentional violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), and the Portal to Portal Act, 29 U.S.C. §251 *et seq*..  Once again, the two cases involve the exact same issues of law.

Count III of the *Olmsted* case involves a common pattern and practice involving the intentional violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"). Count III of the Westcott case also sounds in the intentional violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"). The two cases are intertwined in both common issues of fact and law on this point.

Count IV of the *Olmsted* case involves the intentional violation by the Defendants of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq* ("IWPCA"). Count IV of the *Westcott* case contains the identical allegations of the intentional violation by the Defendants of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq* ("IWPCA").

The resolution as to whether the work environment countenanced by Residential Plus Mortgage Corporation and its owner, Kelly Zoudo, was tainted by the intentional acts of wilfull refusal ot pay overtime rightfully earned by both Olmsted and Westcott necessarily involves common issues of fact and common question of law.  This, resolution of the *Olmsted* case involves similar evidence which must also be offered in *Westcott*.

**The Conditions for Reassignment Will Be Met If the Cases Are Found to Be**

**Related**.

Both *Olmsted* and *Westcott* are currently pending in this Court. The handling of both cases by the same Judge is likely to result in substantial savings of judicial time and effort. Judicial efficiency will be maximized if Judge Leinenweber, who is currently presiding over *Olmsted*, also presides over *Westcott*, as he will be in the best position to coordinate the calendars of the two cases, coordinate and resolve discovery issues and disputes, as well as assemble all the parties to both cases in connection with any attempts at mediation or settlement.

No party is likely to suffer any prejudice if the cases are found to be related and reassigned. The earlier case (*Olmsted*) has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially. The cases are in the same stage of litigation. Both cases are still in motion practice, and no written or oral discovery has been completed. Therefore, consolidating the cases will not impact their timely resolution.

Not only will no party suffer any prejudice if the *Olmsted* and *Westcott* cases are consolidated. In fact, if the cases are not consolidated, the parties could be in the position of having two different Courts examine the same conduct, motivations and evidence and coming to different conclusions as to their admissibility, meaning, and legal impact. Thus, prejudice is far more likely if the cases are not found to be related and reassigned. The cases are susceptible of disposition in a single proceeding.

## CONCLUSION

Based upon the fact that the *Olmsted case* and the *Westcott case* involve overwhelmingly the same issues of law and/or fact, as well as the substantial savings of judicial time and effort

which would occur if the cases were found to be related, this Court should so find and reassign and consolidate the *Olmsted case* and *the Westcott case.*

WHEREFORE, Plaintiff Rebecca Olmsted, by and through her attorneys, Bellas & Wachowski, respectfully request this Honorable Court to find the *Olmsted case* related to the *Westcott case* and order the *Westcott case* transferred and consolidated into the instant matter, and for any other relief this Court deems just and necessary.

Date: April 1, 2008

                              Respectfully submitted,
                              Rebecca Olmsted, Plaintiff

                              By:_____/s/_____
                                  William P. Boznos
                                  One of Plaintiff's Attorneys

George S. Bellas
William P. Boznos
Bellas & Wachowski
Attorneys for Plaintiff
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030