IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA OLMSTED, ) | |
| ) | |
| Plaintiff ) | **Case No. 08 C 142** |
| ) | |
| v. ) | Judge: Leinenweber |
| ) | |
| RESIDENTIAL PLUS MORTGAGE CORPORATION ) | Magistrate Judge: Nolan |
| an Illinois Corporation, and ) | |
| KELLY ZOUDO ) | JURY TRIAL REQUESTED |
| Defendants ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANTS' AFFIRMATIVE DEFENSES**

NOW COMES the Plaintiff REBECCA OLMSTED ("OLMSTED"), by and through her attorneys, Bellas & Wachowski, and in response to Defendants' Affirmative Defenses, states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff is barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

**SECOND AFFIRMATIVE DEFENSE**

At all times, Defendants acted in good faith, and in conformity with and in reliance upon written interpretations and opinions of the FLSA by the United States Department of Labor Wage & Hour Division. Defendants acted in a good faith belief that they were in compliance with all

applicable statutes, laws and regulations concerning payment of wages arid any other compensation owed to Plaintiff.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

### THIRD AFFIRMATIVE DEFENSE

Defendants are not liable for liquidated damages because the acts or omissions giving rise to the action were in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA. 29 U.S.C. § 260.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

### FOURTH AFFIRMATIVE DEFENSE

At least for a portion of the period of time Plaintiff was employed by Residential Plus, Plaintiff was an "exempt" employee under the FLSA.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

### FIFTH AFFIRMATIVE DEFENSE

At all material times, Defendants paid Plaintiff all sums of money to which Plaintiff was entitled.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' hours did not exceed the maximum hours under the FLSA,

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs claims are barred by the doctrines of estoppel and waiver.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as may be appropriate in connection with facts obtained through discovery.

**ANSWER:** Plaintiff denies the allegations set forth in the above paragraph.

JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Dated:   April 1, 2008

Respectfully submitted,

Rebecca Olmsted,
Plaintiff

BY:___/s/_____
      WILLIAM P. BOZNOS
      One of Plaintiff's Attorneys

George S. Bellas (george@bellas0wachowski.com)
William P. Boznos (bill@bellas-wachowski.com)
Bellas & Wachowski
Attorneys for Plaintiff
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030