IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA OLMSTED, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br><br> RESIDENTIAL PLUS MORTGAGE CORPORATION an Illinois Corporation, and KELLY ZOUDO, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 08 cv 142 <br><br> Judge: Leinenweber <br><br> Magistrate: Nolan <br><br> JURY TRIAL REQUESTED |

## FIRST AMENDED COMPLAINT

NOW COMES the Named Plaintiff REBECCA OLMSTED ("OLMSTED"), individually and on behalf of all others similarly situated, by and through her attorneys, Bellas & Wachowski, for her Complaint against the Defendants RESIDENTIAL PLUS MORTGAGE CORPORATION, an Illinois corporation ("RESIDENTIAL PLUS") and KELLY ZOUDO ("ZOUDO") states as follows:

### NATURE OF ACTION

1. This is a collective class action brought by Plaintiff Rebecca Olmsted on her own behalf and on behalf of the proposed class identified below pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage law, 820 ILCS 105/1 *et seq.* ("IMWL") and and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et. seq.* ("IWPCA") for the Defendants' failure to pay overtime wages to the Plaintiff for all hours worked. During the period of time from June 15, 2004 through

the date of final disposition of this action, (the "Liability Period") the Plaintiff and the putative class members were employed by the Defendants as a "Loan Officer" and also a "Loan Processor" or other hourly position ("Receptionist" ) and were either misclassified as "exempt" and therefore erroneously denied overtime compensation for all hours worked in excess of forty (40) in a single workweek or simply and wrongfully denied overtime compensation for all hours worked in excess of forty (40) in a single workweek by the Defendants. The Defendants' actions were willful and had the effect of denying the Plaintiff and the class she represents their rightful overtime wages.

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207 and the Portal to Portal Act, 29 U.S.C. § 251 *et. seq.*, 28 U.S.C. § 1331, and 42 U.S.C. § 1981. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in the Norther District of Illinois in that the Defendants are engaged in business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.  Plaintiff Olmsted is an Illinois resident, residing at 161 Louise Court, Wood Dale, Illinois. She was employed by the Defendants from November 7, 2005 until her termination on November 9, 2007, initially as a Loan Officer, and later on as a Receptionist and subsequently as a Junior Loan Processor. At all times relevant hereto, the Plaintiff was classified as an "exempt"

employee by her employer.

5.  Defendant Residential Plus Mortgage Corporation is an Illinois corporation, duly licensed and authorized to conduct business in the state of Illinois by the Illinois Secretary of State. Residential Plus Mortgage Corporation maintains a principal place of business at 2700 S. River Road, Suite 115, in the Town of Des Plaines, County of Cook, State of Illinois.

6.  During the Liability Period, Residential Plus Mortgage was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

7.  Defendant Kelly Zoudo is an Illinois resident. Defendant Kelly Zoudo was and is an officer, owner and operator of Residential Plus Mortgage Corporation during the Liability Period and is an individual acting in the interests of Defendant Residential Mortgage Corporation under the FLSA and IMWL and is therefore individually liable for violations of the FLSA and the IMWL.

8.  During the Liability Period, Defendant Zoudo was an "employer" legally responsible for the payment of all wages at a rate of time and a half to all non-exempt employees who worked in excess of forty (40) hours per week pursuant to the FLSA and the IMWL.

9.  Defendants are and were, at all pertinent times, "enterprises" as defined by the FLSA.

10. Defendants were, at all pertinent times, enterprises directly engaged in interstate commerce and the products and services.

11. Defendants also handle, sold or otherwise worked with services and goods or materials that had or have been moved in or produced for commerce.

12. During the Liability Period, the Plaintiff and the class she represents were employed by

the Defendants, were paid on an hourly basis, and were an "employee" within the meaning of the FLSA and the IMWL.

13.  During the Liability Period, the Plaintiff and the class she represents suffered or permitted to work by the Defendants.

14.  During the Liability Period, the Defendants controlled the manner and means of the work performed by the Plaintiff and the class she represents.

15.  During the Liability Period, the Plaintiff and the class she represents were subject to supervision and oversight by the Defendants.

16.  During the Liability Period, the Plaintiff and the class she represents were not exempt from the overtime wage provisions of the FLSA or the IMWL.

17.  During the Liability Period, the Plaintiff and the class she represents were employed by the Defendants and said employment was integral and indispensible to the Defendants' business.

18.  The Plaintiff has signed a "Consent to Become a Party Plaintiff" under the Fair Labor Standards Act, copies of which are attached as "Exhibit 1."

## COLLECTIVE ACTION ALLEGATIONS

19.  Pursuant to 29 U.S.C. §216 (b), this action may be maintained by the Plaintiff class, or anyone for and on behalf of themselves and other plaintiffs similarly situated, who have been damaged by the Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*

20.  There exist past and present employees of the Defendants who are similarly situated to the Plaintiffs in that those similarly situated employees have performed the same or similar job duties as the Named Plaintiffs and have been compensated in the same or similar manner as the

Named Plaintiffs.

21.    For all members of the Plaintiff Class to be fully aware of their rights to join this cause of action, a certain time period as determined by the Court is necessary to send notice to the entire Plaintiffs Class, as well as certain additional time fo those members to file consent forms as provided by 29 U.S.C. §216 (b).

22.    Pursuant to 29 U.S.C. § 216 (b), the Court should, in addition to any judgment awarded to the Plaintiff Class, allow reasonable attorneys fees and costs of this action to be paid by the Defendants.

23.    In order to bring this cause of action, it has become necessary for the Named Plaintiffs and will become necessary for other members of the Plaintiffs Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

24.    There are questions of fact and law common to the class, which common questions predominate over any questions solely affecting individual members of the class, including but not limited to:

    a.    Whether the Defendants unlawfully failed to pay overtime compensation in violation of the FLSA and IMWL;

    b.    Whether the named Plaintiffs and members of the class are "exempt" employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of the FLSA and IMWL;

    c.    Whether the Defendants employed the Named Plaintiffs and the class members within the meaning of the FLSA and IMWL;

    d.    Whether the Defendants failed to keep accurate time records for all hours worked

      by the named Plaintiffs and the class members in violation of the FLSA and IMWL;

    e.    The proper measure of damages sustained by the class;

    f.    Whether the Defendants' violation of law constitutes oppressive, fraudulent, and/or malicious conduct sufficient to support and award of punitive damages; and

    g.    Whether the Defendants' actions were willful.

25.    The named Plaintiff will fairly and adequately protect the interest of the class members and have retained counsel experienced in complex wage and hour class and collective action litigation.

26.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large corporate Defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

## GENERAL FACTUAL ALLEGATIONS

27.    The allegations of Paragraphs 1 through 26 are incorporated as if fully stated herein.

28.    The primary duty of Loan Processors employed by the Defendants is to work to assemble documents and verify information for loan closings in accordance with guidelines of the Defendants.

29.    Loan Processors employed by the Defendants are compensated on a salary and bonus

basis.

30.     Loan Processors bonus payments represent less than half their total compensation.

31.     Since approximately 2005, the Defendants have required Loan Processors to complete misleading time records showing the number of hours worked per week.

32.     Since approximately 2005, the Defendants do not permit Loan Processors or other employees to report all their hours worked per week.

33.     Loan Processors do not have supervisory authority over any other employees.

34.     Loan Processors regularly work a significant amount of time over forty (40) hours in a workweek for the benefit of the Defendants.

35.     The Defendants do not compensate their Loan Processors at a rate of one and one half times their regular rate for all hours worked in excess of forty (40) in a single workweek as required by the FLSA or the IMWL.

36.     The Defendants Loan Processors are not exempt from the maximum hour requirements of the FLSA or the IMWL.

37.     The Defendants are aware that the Loan Processors they employed during the Liability Period regularly performed the functions their without receiving overtime compensation. In support thereof, the Named Plaintiff attaches hereto and incorporates herein by reference as "Exhibit 1" partial copies of the time records she submitted to the Defendants.

38.     During the Liability period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Processors spent performing all of their job functions.

39.     The Defendants wilfully and recklessly denied overtime wage compensation for hours worked over forty (40) in a single workweek at a rate of one and one half times their regular pay

to the Loan Processors it employed during the Liability Period.

40. The primary duty of Loan Officers employed by the Defendants is to for close loans in accordance with the guidelines of the Defendants.

41. Loan Officers employed by the Defendants are compensated on a salary and bonus basis.

42. Loan Officers' bonus payments represent less than half their total compensation.

43. Loan Officers regularly work a significant amount of time over forty (40) hours in a workweek for the benefit of the Defendants.

44. The Defendants do not compensate their Loan Officers at a rate of one and one half times their regular rate for all hours worked in excess of forty (40) in a single workweek.

45. The Defendants' Loan Officers are not exempt from the maximum hour requirement of the FLSA or the IMWL.

46. The Defendants are aware that the Loan Officers they employed during the Liability Period regularly performed their functions without receiving overtime compensation.

47. During the Liability Period, the Defendants did not make, keep, or preserve accurate time records of the hours Loan Officers spent performing all of their job functions.

48. During the Liability Period, the Defendants employ a variety of employees in non-managerial positions that are misclassified as "exempt" under the IMWL or compensated on an hourly basis and similarly denied overtime for hours worked in excess of forty (40) by the Defendants. Plaintiff also functioned intermittently as a Receptionist for the Defendants.

49. During the Liability Period, the Defendants were aware that said employees in non-managerial positions or those paid on an hourly basis do not receive overtime compensation for hours worked in excess of forty (40) in a single workweek.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 49.

51. During their employment with the Defendants, within the Liability Period, the Plaintiff and the class she represents worked in excess of forty (40) hours in a workweek without overtime compensation.

52. Despite the hours worked by the Plaintiff and the class she represents the Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay her and the class she represents overtime compensation.

53. By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiff and the class she represents, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

54. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, and the Portal to Portal Act, 29 U.S.C. § 251 et. seq., the Plaintiffs, and all other plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week during the two years preceding the filing of this Complaint.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

56. The Defendants willfully violated the FLSA by refusing to compensate Olmsted and the class she represents at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

WHEREFORE, The Plaintiff, individually and behalf of the class members, known and unknown, respectfully requests that this Court enter an Order as follows:

a. Judgment in an amount equal to one and one half times the hourly wage rate for all hours the Plaintiff and the class she represents worked in excess of forty (40) per week as compensatory damages;

b. Awarding prejudgment interest with respect to the total amount of the unpaid overtime compensation.

c. The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

d. Reasonable attorneys fees and costs as a result of the Defendants' violation of the FLSA.

e. Leave to add or amend claims under applicable state laws;

f. Such other and further relief as this Court deems appropriate and just under the circumstances.

### SECOND CLAIM FOR RELIEF
### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

57. The Plaintiff and the class she represents re-allege and incorporate by reference the allegations contained in Paragraphs1 through 56 as though fully set forth herein.

58. In denying the Plaintiff and the class she represents compensation at a rate of one and a half times her regular rate for hours worked in excess of forty (40) in a single workweek, the Defendants' acts were not based on good faith or reasonable grounds.

59.     The Defendants have, both in the past and presently, willfully failed to pay the Plaintiffs and the class they represent, for hours worked in excess of forty (40) hours per week at a rate equal to one and one half times their regular rate of pay, despite the fact that the Defendants knew, or should have known, of the requirements of the Fair labor Standards Act.

60.     The Defendants continue a pattern of deliberate, intentional, and willful violation of the Fair Labor Standards Act.

61.     Pursuant to the Fair Labor Standards Act, the Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate of not less than one and one half times their regular rates of pay for all hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, The Plaintiff, individually and behalf of the class members, known and unknown, respectfully asks this Court to enter an Order as follows:

a.)     Awarding a judgment in an amount equal to all unpaid overtime compensation for one (1) additional year, totaling three(3) years preceding the filing of this Complaint;

b.)     Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c.)     The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

d.)     Awarding Plaintiff's reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the fair labor Standards Act;

    e.)    Leave to add or amend claims under applicable state laws; and

    f.)    Such other, additional and further relief as this Court deems appropriate and just under the circumstances.

## THIRD CLAIM FOR RELIEF
## LIQUIDATED DAMAGES

62.    The Plaintiffs allege and incorporate by reference the allegations contained in Paragraphs 1 through 61 as though fully set forth herein as paragraphs 1 through 61 as though fully set forth herein.

63.    In denying the Plaintiffs and members of the Plaintiffs' class compensation at a rate of one and one half times their regular rates of pay for hours worked over forty (40) in a single work week, the Defendants' acts were not based upon good faith or reasonable grounds.

64.    The Plaintiffs and all other similarly situated employees, past or present, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

    WHEREFORE, THE Plaintiffs, on behalf of themselves and all others similarly situated, known or unknown, respectfully requests this Court to enter an Order as follows:

    a.)    Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

    b.)    Awarding Plaintiff's reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the Fair Labor Standards Act.

    c.)    Leave to add or amend claims under applicable state laws; and

  d.)  Such other, additional and further relief as this Court deems appropriate and just under the circumstances.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

65. The Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs1 through 64 as though fully set forth herein.

66. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et. seq.* which requires employers to pay employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one half times the employee's regular hourly rate.

67. This Court has jurisdiction over the Illinois State claim by virtue of 29 U.S.C. § 1367.

68. Plaintiff bring this cause of action as an individual and as a class action on behalf of herself and all others similarly situated pursuant to 735/ILS 5/3-801.

69. The class is defined as:

> "All persons employed by the Defendants within the last three years who have worked over forty (40) hours in an individual workweek but were not paid overtime wages or who were incorrectly paid overtime wages under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL").

70. The named Plaintiff brings this cause on her own behalf and, pursuant to 735 ILCS 5/2-801 (1993), on behalf of all persons, or their representatives, as indicated above in the class definition.

71. The class that the named Plaintiff seeks to represent is so numerous that joinder of all members is impracticable.

72. There are questions of fact and law common to the class which common questions

predominate over any questions affecting only individual members.

73. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class.

74. The class action is an appropriate method for the fair and efficient adjudication of this controversy.

75. At all relevant times herein, the Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3 (c) and the Named Plaintiffs and the class they represent were 'employees" within the meaning of that Act.

76. Pursuant to 820 ILCS 105/4(a), for all weeks in which the named Plaintiffs and the class she represents worked in excess of forty (40) hours, they were entitled to be compensated at one and one half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

77. During her employment with the Defendants, within the Liability Period, the Plaintiff and the class she represents worked in excess of forty (40) hours in a workweek without overtime compensation.

78. Despite the hours worked by the Plaintiff, the Defendants willfully, in bad faith, and in knowing violation of the IMWL, failed and refused to pay her overtime compensation.

79. By failing to accurately record, report, and/or preserve records of hours worked by the Plaintiff, the Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the Illinois Administrative Code §210.770.

80. The foregoing conduct, as alleged, constitutes a willful violation of the IMWL.

81. The IMWL provides "no employer shall employ any of his employees for a work week of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than 1 ½ times the regular rate at which he is employed." 820 ILCS 105/4a(1).

82. The Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Olmsted and the class she represents at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week during the Liability Period.

83. Pursuant to 820 ILCS 105/12(a), the Named Plaintiffs and the class they represent are entitled to recover unpaid wages for three (3) years prior to the filing of this Complaint, plus punitive damages in an amount of two percent (2%) per month of the amount of the under payments.

84. The aforementioned Illinois statute also provides for a statute of limitations of three (3) years from the date of the underpayment of the wage, without qualification.

85. The aforementioned Illinois statute also provides for the Plaintiffs to recover the amount of the wage underpayment as well as costs and reasonable attorneys fees as may be allowed by the Court.

WHEREFORE, the Plaintiffs, on behalf of themselves and all others similarly situated, known or unknown, respectfully request this Court to enter an Order as follows:

a.) Award a judgment in the amount of one and one half times their normal hourly rate of pay for all hours worked in excess of forty (40) in a single work week;

b.) Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c.) Award prejudgment interest on the unpaid overtime wages in accordance with 815

ILCS 205/2;

d.) Awarding Plaintiffs' reasonable attorneys fees and costs incurred as a result of the Defendants' violation of the Act;

e.) For such other, additional and further relief as the court deems appropriate under the circumstances.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF THE WAGE PAYMENT AND COLLECTION ACT

86. The Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs1 through 85 as though fully set forth herein.

87. During the Liability Period, there was in full force and effect a certain statute known as the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq* ("IWPCA").

88. Pursuant to the Act, the definition of an "employer" includes any individual...or any person or group of persons acting directly or indirectly in the interest of any employer in relation to any employee..." 820 ILCS 115/2.

89. During the Liability Period, the Defendants were an "employer" legally responsible for payment of all wages, commissions, compensation, and vacation time as required by the Act. 820 ILCS 115/1, *et seq.*

90. The IWPCA provides that employees are to be paid wages earned during the semi-monthly pay period and are to be paid these wages ***no later than*** 13 days of the end of the said pay period. 820 ILCS 115/3,4 (emphasis added).

91. The IWPCA further provides that final compensation ***must be paid in full*** at the time of separation, ***but no later than*** the next regularly scheduled pay day.  It states that where an

"employee requests in writing that his final compensation be paid by check and mailed to him, the employers shall comply with this request." 820 ILCS 115/5 (emphasis added).

92. The Defendants failed to comply with the provision of the IWPCA and underpaid the named Plaintiff and the class members during the Liability Period.

93. The Defendants violated the IWPCA by underpaying the Plaintiff and the class members for all wages (including overtime wages). Despite repeated demands for payment, said amounts remain outstanding.

WHEREFORE, The Plaintiff on behalf of herself and all others similarly situated, known or unknown, respectfully request this Court to enter an Order as follows:

a. Judgment in an amount equal to one and one half times the hourly wage rate for all hours the Plaintiff worked in excess of forty (40) per week as compensatory damages to be paid within 15 days of judgement;

b. Penalties to be assessed against the Defendants as calculated by section 14(b) of the IWPCA if said amount is not paid within 15 days of judgment;

c. The entry of an appropriate injunction to enjoin the Defendants from failing to pay their employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a single workweek;

d. Reasonable attorneys fees and costs in having to prosecute this action;

e. Such other and further relief as this Court deems appropriate and just under the circumstances.

JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Date:  July 29, 2008

           Respectfully submitted,

           Rebecca Olmsted,
           Plaintiff, individually and
           on behalf of all similarly situated
           individuals.


           BY:   /s/ William P. Boznos
                  One of the Plaintiffs' Attorneys


George S. Bellas *(george@bellas-wachowski.com)*
William P. Boznos *(bill@bellas-wachowski.com)*
Bellas & Wachowski
Attorneys for Plaintiffs
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030