```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
             EASTERN DIVISION
```

| | |
|---|---|
| REBECCA OLMSTED, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>RESIDENTIAL PLUS MORTGAGE CORPORATION and KELLY ZOUDO,<br><br>        Defendants. | **Case No. 08 C 142**<br><br>**Hon. Harry D. Leinenweber** |
| HEATHER WESTCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>RESIDENTIAL PLUS MORTGAGE CORORATION and KELLY ZOUDO,<br><br>        Defendants. | **Related to**<br><br>**Case No. 08 C 419** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rebecca Olmsted (hereinafter, the "Plaintiff") has brought an action against her former employer, Residential Plus Mortgage Corporation (hereinafter, "Residential Plus"), and its president, Kelly Zoudo, (hereinafter, "Zoudo") (collectively, the "Defendants") for alleged violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and analogous state laws. Presently before the Court is Plaintiff's Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b) and approval of Plaintiff's proposed notice to potential class

members of the pendency of this action and their right to join the case as plaintiffs. Specifically, Plaintiff moves for conditional certification of a class consisting of "all persons employed by the Defendants . . . within the last three years who have worked over forty (40) hours in an individual workweek but were not paid overtime wages or were incorrectly paid overtime wages in a timely manner" as provided for under the FLSA. For the reasons stated below, the Court **grants** Plaintiff's motion for conditional certification but **rejects** the proposed notice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Residential Plus operates as a loan broker and is engaged primarily in finding and closing residential mortgage loans. During her employment by Defendants, Plaintiff first worked as a registered loan consultant and later as a loan processor and receptionist. Since January 8, 2006, Residential Plus has employed an estimated 36 employees other than Plaintiff, including approximately two executives, three receptionists, five loan processors, and 26 registered loan consultants. The duties and pay structures of the employees vary based on their job titles. Executives manage the day to day operations of the business and earn salaries. Receptionists perform general office work and are paid on an hourly basis. Loan processors submit loan packages to lenders, assist registered loan consultants in satisfying lender conditions, and prepare loans to close. Loan processors are paid a base salary plus commission based on the number of loans closed. Registered loan

consultants obtain new clients and are paid solely on a commission basis.

The Complaint alleges that, while employed by Defendants, Plaintiff regularly worked in excess of 40 hours per week but did not receive overtime pay as required by the FLSA. Plaintiff also alleges that Defendants routinely misclassified employees as exempt from the FLSA's overtime requirements and maintained a policy of refusing to pay overtime to eligible employees. In support of her claim that Defendants had a common plan to violate the law, Plaintiff submitted certain documents, including, but not limited to: (1) an e-mail to Plaintiff from her supervisor stating "no OT paid here . . ." (Pl. Mot. Ex. 6); (2) Defendants' response to an interrogatory about their method of tracking employees' hours, which Plaintiff claims shows that employees were not allowed to submit accurate time cards (Pl. Mot. Ex. 7, Resp. No. 7); and (3) affidavits of Plaintiff and two other potential class members, all of whom state that they were denied overtime pay. Plaintiff moves for conditional class certification and Court-authorized notice to potential class members pursuant to Section 16(b) of the FLSA.

In response to Plaintiff's motion, Defendants have raised numerous objections. First, Defendants contend that willful violations were not alleged in the Complaint, and thus a two-year statute of limitations under 29 U.S.C. § 255 applies, rather than the three-year statute. Second, Defendants argue that the Court should apply Federal Rule of Civil Procedure 23, rather than a more lenient

"similarly situated" standard, to determine whether conditional certification is appropriate. Finally, Defendants argue that, even if the Court applies the similarly situated standard, Plaintiff still fails to meet her burden. Defendants contend that Plaintiff has shown no common policy or plan that violated the FLSA. Defendants state that no company overtime policy existed except that employees were not supposed to work more than 40 hours per week without written permission from a supervisor. In addition, Defendants argue that potential class members are not similarly situated in their job duties and compensation structures.

## II. **ANALYSIS**

The FLSA provides: "[N]o employer shall employ any of his employees who work in any workweek is engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Section 16(b) of the FLSA allows plaintiffs to bring a collective action for overtime on behalf of themselves "and other employees similarly situated." 29 U.S.C. § 216(b). Notably, collective actions under the FLSA differ from class actions authorized by Federal Rule of Civil Procedure 23 because FLSA plaintiffs are given notice and an opportunity to *opt in*, rather than notice and an opportunity to *opt out*. *Jirak v. Abbott Laboratories, Inc.*, 566 F.Supp.2d 845, 847 (N.D.Ill., 2008).

### A. Statute of Limitations

As a preliminary measure, the Court rejects the contention that Plaintiff failed to allege willful violations of the FLSA. The Complaint alleges that Defendants willfully misclassified employees as exempt from the FLSA and erroneously denied overtime compensation. *See, e.g.,* Compl. ¶¶ 1, 30, 39. In light of these allegations and the supporting evidence before the Court, the statute of limitations is three years. *See* 29 U.S.C. § 255(a).

### B. Conditional Class Certification

The parties dispute the process for determining whether conditional class certification is appropriate, namely whether this Court should apply Rule 23 or a less stringent standard that assesses whether potential class members are "similarly situated." Although the Seventh Circuit has not decided the issue, the majority of the courts have adopted a two-step process. *See, e.g., Jirak,* 566 F.Supp.2d at 847-48; *Gambo v. Lucent Technologies, Inc.,* 2005 WL 3542485, *7 (N.D.Ill., Dec. 22, 2005); *Flores v. Lifeway Foods, Inc.,* 289 F.Supp.2d 1042, 1045 (N.D.Ill., 2003). In the first step, the plaintiff need only make a modest factual showing that others in the potential class are "similarly situated." *Jirak*, 566 F.Supp.2d at 847-48. During this stage, courts use a "lenient interpretation" of the term "similarly situated." *Flores*, 289 F.Supp.2d at 1045. A plaintiff must show that putative class members were "together the victims of a single decision, policy, or plan," *id.,* or that they

"perform[ed] the same type of duties as the named plaintiff." *Bontempo v. Metro Networks Communications Ltd. Partnership*, 2002 WL 1925911, *1 (N.D.Ill., May 3, 2002). If the plaintiff meets this burden, conditional certification is appropriate, and notice may be sent to potential class members, allowing them an opportunity to opt in. *Id.* In the second step, which occurs after discovery, the Court may reevaluate the conditional certification based on any additional evidence to determine whether there is sufficient similarity between the named and opt-in plaintiffs to proceed to trial on a collective basis. *Id.* If the Court determines that such similarities are lacking, it may revoke the conditional certification. *Id.*

Here, Plaintiff argues that conditional certification is appropriate because Defendants had a policy of refusing to pay overtime wages to non-exempt employees and routinely misclassified employees as exempt from FLSA requirements. Defendant denies the existence of a common plan to violate the FLSA and argues that conditional certification is inappropriate because potential class members are too few in number, have different duties and pay structures, and include some employees who are exempt from the FLSA.

At this stage, Plaintiff has met the lower threshold burden of showing that potential class members are similarly situated. In support of her motion, Plaintiff submitted an e-mail from a supervisor implying that Defendants do not pay overtime wages and affidavits from other employees with the same or similar jobs who state that they were refused overtime pay. Plaintiff need not show

that potential class members performed identical duties to meet this standard, and conditional certification may be appropriate even if differences exist between their job titles, functions, or pay. *Jirak*, 566 F.Supp.2d at 848-49; *Gambo,* 2005 WL 3542485, at *7.

Defendants' arguments that potential class members were paid based on differing compensation schemes and that those paid based on commission are exempt from the FLSA are more relevant to determining the ultimate scope, if any, of the collective action during step two. *Gambo*, 2005 WL 3542485, at *7. As noted by Defendants, certain employees, namely its two executives, clearly are exempt from the provisions of the FLSA, and thus fall outside the putative class. *See* 29 U.S.C. § 213(1). The Court, however, declines to determine at this point the disputed issue of whether Defendants' commissioned employees fall within the retail or service establishment exemption of the FLSA, 29 U.S.C. § 207(i). *See Casas v. Conseco Finance Corp.*, 2002 WL 507059, *3-5 (D.Minn., Mar. 31, 2002). The application of an FLSA exemption is an affirmative defense on which Defendants will ultimately carry the burden of proof. *Jirak*, 566 F.Supp.2d at 849-50. At this time and based on the limited record, Defendants have not shown that all potential class members are exempt. Likewise, Defendants' argument that potential class members are few in number is more appropriately considered after discovery when the identity of class members is known.

Plaintiff has made the minimal showing necessary for conditional certification. At this early stage in the litigation, the Court

expresses no views as to the merits of Plaintiff's individual claims or the viability of the collective action. If it turns out that there is no common policy to the class members who opt in or that individualized issues arise, then the case will not be permitted to proceed to a collective action. *Jirak*, 566 F.Supp.2d at 850. For these reasons, conditional certification is granted.

### C. Notice

The Court now turns to Plaintiff's request for approval of her proposed notice and consent form. In approving a notice to potential class members, the Court must take care not to create an "apparent judicial sponsorship of the notice." *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir., 1982). Moreover, in exercising its discretionary authority to oversee the notice-giving process, the Court "must be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of a judicial endorsement of the merits of the action." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

Plaintiff's proposed notice includes the entire caption of the case in a way that makes it clear that the notice is a court document rather than correspondence from the Court. (Pl. Mot. Exs. 12 and 13.) The proposed notice clearly communicates that the Court has expressed no opinion regarding the merits of the case or whether any individual should join as a plaintiff. The Court therefore finds that the proposed notice does not imply court sponsorship and is proper. *See Jirak*, 566 F.Supp.2d at 851.

The Court notes, however, that the second paragraph on page four of the proposed notice appears to have included by mistake. This paragraph, which discusses a putative class of "carpenters, bricklayers, electricians, plumbers and other hourly employees," clearly does not relate to this litigation and should be stricken from the notice. Because of this error, the Court denies approving the proposed notice and grants Plaintiff leave to amend and refile.

### III. <u>CONCLUSION</u>

For the reasons stated herein, the Court **grants** Plaintiff's Motion for Conditional Certification and **denies** approval of Plaintiff's proposed notice. Plaintiff is granted leave to refile a proposed notice with the changes discussed herein.

**IT IS SO ORDERED.**

						_____
						Harry D. Leinenweber, Judge
						United States District Court

**DATE:** December 9, 2008